**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION**

| | |
|---|---|
| MARY THOMPSON, | |
|       Plaintiff, | CIVIL ACTION NO.: 6:19-cv-17 |
|    v. | |
| C.R. BARD, INC., | |
|       Defendant. | |

**O R D E R**

This matter came before the Court for a telephonic show cause hearing on April 7, 2020. (Doc. 30.) That hearing addressed Plaintiff's counsel's repeated failures to respond to this Court's Orders and follow this Court's directives.[1] For the reasons stated on the record at the hearing and in this Court's prior Orders, as well as those laid out below, the Court **GRANTS** Defendant's Motion to Dismiss, (doc. 21), and **DISMISSES** this action due to Plaintiff's failure to properly serve Defendant, failure to prosecute this lawsuit, and failure to follow this Court's Orders. Additionally, the Court sanctions Debra J. Humphrey of the law firm Marc J. Bern & Partners for her repeated and inexplicable disregard of this Court's Orders and **ORDERS** that she pay Defendant C.R. Bard, Inc. $5,572.80.

---

[1] By "Plaintiff's counsel," the Court refers solely to Ms. Debra J. Humphrey and not to Ms. Susan Warren Cox.  Ms. Cox moved for Ms. Humphrey's *pro hac vice* admission on April 10, 2020.  (Doc. 31.)  Ms. Cox has played no role in the contemptuous conduct detailed herein, and she had no involvement in this case until well after the events giving rise to the Court's order of sanctions.  Thus, she bears no responsibility for the award of sanctions.

**BACKGROUND**

The background of this case is laid out in detail in Defendant's brief in support of its Motion to Dismiss, (doc. 21-1), the Court's prior Orders, (docs. 28, 29), and Defendant's Response to Plaintiff's post-hearing brief, (doc. 37). Thus, the Court will not belabor the tortured procedural history but will only provide a summary. On April 19, 2019, Defendant moved to dismiss this case due to Plaintiff's failure to serve Defendant and failure to prosecute. (Doc. 21.) Defendant explained that though this lawsuit had been pending for over a year at that point, Plaintiff had never served it with a copy of the Complaint. (Doc. 21-1, pp. 4–7.) Additionally, Defendant explained that Plaintiff's counsel had failed to comply with the orders of the United States District Court for the Southern District of West Virginia when this case was pending in that court pursuant to a multidistrict litigation ("MDL"). (Id. at pp. 2–3.) Defendant also averred that Plaintiff individually failed to prosecute her claims by ignoring her discovery obligations and apparently failing to communicate with her own attorney. (Id. at pp. 7–8.) Plaintiff filed no response to the Motion to Dismiss within the fourteen days prescribed by this Court's Local Rule 7.5. Indeed, Plaintiff still has not filed a response to Defendant's Motion.

In its Order of October 15, 2019, the Court explained that Plaintiff's counsel failed to timely serve Defendants in accordance with Federal Rule of Civil Procedure 4(m) and failed to respond to Defendant's Motion to Dismiss. (Doc. 28.) Thus, the Court ordered Plaintiff's counsel to show cause within fourteen days why the case should not be dismissed. (Id.) Plaintiff's counsel entirely failed to respond to that Order. Consequently, the undersigned's Courtroom Deputy Clerk then e-mailed a copy of the Order to Plaintiff's counsel and directed her to file a response expeditiously. Counsel never responded to that communication and still did not provide any response to the Court's Order.

Thus, on March 19, 2020, the Court issued another show cause Order and set this matter down for a show cause hearing on April 7, 2020. (Doc. 29.) The Court sent this Order to Plaintiff's counsel not only by notice of electronic filing but also by e-mail and regular mail. (Id. at p. 2.) However, Plaintiff's counsel failed to respond to the Orders and communications from the Court, until the morning of the April 7, 2020, nine minutes before the start of the show cause hearing. At that time, she attempted to e-mail her response to the original show cause Order (issued months prior) to the Courtroom Deputy Clerk. (Doc. 34, pp. 5–6.)

At the show cause hearing, Plaintiff's counsel admitted that she received and viewed e-filing notices of the Court's show cause Orders. (Id. at p. 9.) However, at the hearing and in her post-hearing submission, Plaintiff's counsel "acknowledge[d] and admit[ted] that, after undertaking a comprehensive review of all of [her] firm's internal communications regarding this matter, [she] ha[d] found no reason or excuse to offer this Court for [her] lack of response for over six months." (Doc. 36, p. 12.) Plaintiff's counsel also admits in her post-hearing submission that she can provide no justification for why she failed to timely serve Defendant with the Complaint in this case. (Id. at pp. 2–4.) While she believes the lack of service is attributable to an "inadvertent error" or "calendaring mistake," she admits that "she do[es] not know why the summons and complaint were not served within 90 days of the filing of the complaint." (Id. at p. 2.) She also does not offer any explanation for why she did not undertake to perfect service after she learned, on April 15, 2019, that service was lacking and that Defendant therefore intended to move for dismissal. (Id. at p. 4.) In her post-hearing submission, Plaintiff's counsel also details numerous attempts that she and others in her firm have made to contact Plaintiff, and states that neither she nor anyone from her firm has had any contact with Plaintiff since October of 2016. (Id. at pp. 4–12.)

3

Defendant filed a Response to Plaintiff's post-hearing submission. (Doc. 37.) Therein, Defendant reiterates its position that Plaintiff's counsel's failure to timely serve Defendant and failure to follow this Court's Orders, combined with Plaintiff's failure to prosecute this case, warrants dismissal of this action. (Id. at pp. 4–6.) Additionally, Defendant requests that the Court award Defendant the costs it incurred due to Plaintiff's counsel's failure to respond to the Court's Orders as a sanction against Plaintiff's counsel. (Id. at pp. 6–8.) Defendant's counsel provided an affidavit documenting the expenditure of $5,572.80 in attorney's fees for preparing for the show cause hearing and preparing Defendant's Response to Plaintiff's post-hearing submission. (Doc. 37-1.)

## DISCUSSION

**I.  Dismissal of Plaintiff's Claims Due to Failure to Timely Serve, Failure to Prosecute, and Failure to Follow this Court's Orders**

Rule 4(m) provides that if a defendant is not timely and properly served, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). A plaintiff may obtain an extension of time for service of process upon the showing of good cause. Id. Here, Plaintiff has neither requested an extension of time nor demonstrated good cause for an extension. This Court is nonetheless required to consider on its own initiative whether any circumstances exist that would warrant granting an extension of time to Plaintiff. Rance v. Rocksolid Granit USA, Inc., 583 F.3d 1284, 1286 (11th Cir. 2009). However, good cause exists "only when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." Lepone-Dempsey v. Carroll City Comm'rs, 476 F.3d 1277, 1281 (11th Cir. 2007) (citation omitted). Plaintiff's counsel admits that the failure to serve Defendant was due to some unidentified "error" or "mistake," and that she "do[es] not know why the

4

summons and complaint were not served within 90 days of the filing of the complaint." (Doc. 36, p. 4.)  Further, even though Defendant moved to dismiss the Complaint for failure to effectuate service more than a year ago, it appears Plaintiff has still failed to serve Defendant with this action and has entirely failed to respond to Defendant's Motion to Dismiss.  Thus, Plaintiff's claims are subject to dismissal without prejudice for failure to effectuate service of process.

Additionally, a district court may dismiss a plaintiff's claims for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) and the court's inherent authority to manage its docket.  Link v. Wabash R.R. Co., 370 U.S. 626 (1962);[2] Coleman v. St. Lucie Cty. Jail, 433 F. App'x 716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)).  In particular, Rule 41(b) allows for the involuntary dismissal of a plaintiff's claims where she has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order.  Fed. R. Civ. P. 41(b); see also Coleman, 433 F. App'x at 718; Sanders v. Barrett, No. 05-12660, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing Kilgo v. Ricks, 983 F.2d 189, 192 (11th Cir. 1993)); cf. Local R. 41.1(b) ("[T]he assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice[,] . . . [based on] [w]illful disobedience or neglect of any order of the Court . . . .").  Additionally, a district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." Brown v. Tallahassee Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983)).

---

[2] In Wabash, the Court held that a trial court may dismiss an action for failure to prosecute "even without affording notice of its intention to do so." 370 U.S. at 633.  Nonetheless, in the case at hand, the Court has provided more than ample notice to Plaintiff.

It is true that dismissal with prejudice for failure to prosecute is a "'sanction . . . to be utilized only in extreme situations'" and requires that a court "(1) conclud[e] a clear record of delay or willful contempt exists; and (2) mak[e] an implicit or explicit finding that lesser sanctions would not suffice." Thomas v. Montgomery Cty. Bd. of Educ., 170 F. App'x 623, 625–26 (11th Cir. 2006) (quoting Morewitz v. West of Eng. Ship Owners Mut. Prot. & Indem. Ass'n (Lux.), 62 F.3d 1356, 1366 (11th Cir. 1995)); see also Taylor v. Spaziano, 251 F. App'x 616, 619 (11th Cir. 2007) ("A district court may impose a dismissal with prejudice for want of prosecution only if there is a 'clear record of delay or contumacious conduct by the plaintiff.'") (quoting Morewitz, 62 F.3d at 1366). By contrast, dismissal without prejudice for failure to prosecute is not an adjudication on the merits, and, therefore, courts are afforded greater discretion in dismissing claims in this manner. Taylor, 251 F. App'x at 619; see also Coleman, 433 F. App'x at 719; Brown, 205 F. App'x at 802–03.

While the Court exercises its discretion to dismiss cases with caution, dismissal of this action without prejudice is warranted. See Coleman, 433 F. App'x at 719 (upholding dismissal without prejudice for failure to prosecute complaint where plaintiff did not respond to court order to supply defendant's current address for purpose of service); Taylor, 251 F. App'x at 620–21 (upholding dismissal without prejudice for failure to prosecute, because plaintiffs insisted on going forward with deficient amended complaint rather than complying, or seeking an extension of time to comply, with court's order to file second amended complaint); Brown, 205 F. App'x at 802–03 (upholding dismissal without prejudice for failure to prosecute where plaintiff failed to follow court order to file amended complaint and court had informed plaintiff that noncompliance could lead to dismissal). Plaintiff (individually and through counsel) has repeatedly disregarded her obligations to prosecute this case before this court as well as the MDL court. Plaintiff did not

timely serve the Complaint, she did not participate in discovery, she failed to respond to the Motion to Dismiss, she ignored the Court's first show cause Order, she did not respond to the Court's communications following that Order, and she failed to respond to the second show cause Order until the morning of the hearing. At the hearing and in her post-hearing submission she did not provide good cause for these numerous failures. Moreover, for nearly four years Plaintiff has entirely failed to respond to her attorney's numerous attempts to contact her about this case. (See doc. 36, pp. 4–12.) In sum, Plaintiff's failure to abide by court orders and failure to diligently prosecute her claims warrants dismissal.

Moreover, even if this dismissal without prejudice practically results in a with-prejudice dismissal because Plaintiff is time-barred from pursuing her claims, dismissal is still warranted. Plaintiff has demonstrated a clear record of delay, and, because she cannot be contacted and refuses to participate in this case, no measure short of dismissal will suffice to remedy her disobedience and failure to prosecute.

## II.     Sanction of Plaintiff's Counsel

In addition to dismissal of Plaintiff's claims, sanctions are warranted against Plaintiff's counsel for counsel's repeated disregard of her obligations under the Federal Rules of Civil Procedure as well as the orders and rules of the MDL court and this Court. When faced with "[c]ounsel's failure to obey Court Orders" and the "wasteful misuse of the Court's scarce resources," the Court is empowered to issue sanctions against the responsible attorney by statute, 28 U.S.C. § 1927, and by rule, Federal Rule of Civil Procedure 11. Bradley v. Tucker, No. 4:14-CV-165, 2015 WL 74054, at *1 (S.D. Ga. Jan. 6, 2015) (citing Amlong & Amlong, P.A. v. Denny's Inc., 500 F.3d 1230, 1257 (11th Cir. 2006) (citing 28 U.S.C. § 1927), and Mike Ousley Prods., Inc. v. WJBF–TV, 952 F.2d 380, 383 (11th Cir. 1992) (citing Fed. R. Civ. P. 11)). "In addition,

7

pursuant to its own inherent powers, the Court may fashion appropriate 'sanction[s] for conduct which abuses the judicial process.'" Id. (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 44–45 (1991)); see also Martin v. Automobili Lamborghini Exclusive, Inc., 307 F.3d 1332, 1335 (11th Cir. 2002) (court's inherent authority "includes the authority to impose 'reasonable and appropriate' sanctions") (quoting Malautea v. Suzuki Motor Co., Ltd., 987 F.2d 1536, 1545 (11th Cir. 1993)).[3] Where an attorney has disregarded a court's order, requiring the offending attorney to pay the opposing party's attorney's fees may be an appropriate sanction as such an award "vindicates judicial authority" and "makes the prevailing party whole." Bradley, No. 4:14-CV-165, 2015 WL 74054, at *2 (citing Chambers, 501 U.S. at 45; Hutto v. Finney, 437 U.S. 678, 689 n. 14 (1978)).

However, "[t]he District Court's inherent power should be exercised with caution and its invocation requires a finding of bad faith." Kornhauser v. Comm'r of Soc. Sec., 685 F.3d 1254, 1257 (11th Cir. 2012). "The key to unlocking a court's inherent power [to issue sanctions] is a finding of bad faith." Barnes v. Dalton, 158 F.3d 1212, 1214 (11th Cir. 1998). "A party . . . demonstrates bad faith by delaying or disrupting the litigation or hampering enforcement of a court order." Id. Likewise, the Court may only invoke sanctions under Section 1927 when the attorney engages in "unreasonable and vexatious" conduct that "multiplies the proceedings." Amlong & Amlong, 500 F.3d at 1239. Further, "an attorney multiplies proceedings 'unreasonably and vexatiously' within the meaning of the statute only when the attorney's conduct is so egregious that it is 'tantamount to bad faith.'" Id. (quoting Avirgan v. Hull, 932 F.2d 1572, 1582 (11th Cir. 1991)). However, bad faith in this context is measured objectively by the attorney's conduct and not by the subjective intent of the attorney. Id. at 1240–42 ("In short, a district court may impose

---

[3] However, "the court's inherent power to issue sanctions for vexatious conduct by attorneys does not reach further than § 1927." Amlong & Amlong, 500 F.3d at 1239.

8

sanctions for egregious conduct by an attorney even if the attorney acted without the specific purpose or intent to multiply the proceedings."). Thus, while "negligent conduct, standing alone, will not support a finding of bad faith," if an attorney "*knowingly* or *recklessly* pursue[s] a frivolous claim or needlessly obstruct[s] the litigation of a non-frivolous claim" the Court may order the offending attorney to pay the opposing party the costs, expenses, and attorney's fees that the opposing party has incurred due to the offending attorney's sanctionable conduct. Id. at 1241–42 (emphasis in original). Furthermore, "the dollar amount of the sanction must bear a financial nexus to the excess proceedings, i.e., the sanction may not exceed the 'costs, expenses, and attorneys' fees reasonably incurred because of such conduct.'" Id. at 1239 (quoting Peterson v. BMI Refractories, 124 F.3d 1386, 1396 (11th Cir. 1997)).

Additionally, before sanctioning an attorney under its inherent powers, Rule 11, or 28 U.S.C. § 1927, the Court must provide the attorney the elementary guarantees of due process: notice and an opportunity to be heard. Id. ("Plainly, an attorney threatened with sanctions under § 1927 is entitled to a hearing."); see also Kornhauser, 685 F.3d at 1257 ("When the individual being sanctioned is an attorney before the court, . . . complying with the mandates of due process means that the attorney must, first, be afforded fair notice that her conduct may warrant sanctions and the reasons why, and, second, be given an opportunity to respond, orally or in writing, to the invocation of such sanctions and to justify her actions.") (citing In re Mroz, 65 F.3d 1567, 1575–76 (11th Cir. 1995)) (alterations and quotations omitted); Donaldson v. Clark, 819 F.2d 1551, 1558 (11th Cir. 1987) ("[a]ttorneys . . . facing possible discipline under Rule 11 have interests qualifying for protection under the Due Process Clause of the Fifth Amendment" and are due "notice and an opportunity to be heard").

As laid out above, at every stage of this case, Plaintiff's counsel has recklessly failed to perform the most basic obligations of a trial attorney and in doing so has obstructed the litigation of this case. Counsel failed to serve this case, failed to comply with the orders of the MDL court, failed to respond to the Motion to Dismiss, and entirely disregarded this Court's show cause Order. Indeed, this Court had to issue two show cause orders and send several communications to Plaintiff's counsel to draw her attention to this case. Even then, counsel did not respond until the morning of the show cause hearing. Plaintiff's counsel's statements at that hearing as well as in her post-hearing submission do not provide any justification whatsoever for her repeated failures in this case. Counsel has at least more recently demonstrated candor by owning up to her dereliction of duties. Nonetheless, viewed objectively, Plaintiff's counsel's pattern of disregard in this case is tantamount to bad faith. See Coupling Sols., LLC v. Davidson, No. 11-81404-CIV, 2012 WL 12868743, at *1 (S.D. Fla. Nov. 8, 2012) ("Defendant's actions have continually ignored Court orders and thwarted the Court's ability to manage this case. This is the definition of bad faith.").

Further, counsel's failures to fulfill her obligations have caused Defendant and the Court significant trouble and expense and have needlessly obstructed the litigation of this case. Obviously, if counsel had served Defendant with the Complaint in a timely fashion, Defendant would not have needed to file its Motion to Dismiss. Moreover, if counsel had responded to the Motion to Dismiss, the Court and Defendant would not have expended time and expense on the show cause proceedings. Further, if Plaintiff's counsel had not ignored the Court's first show cause Order and the Court's communications to her following that Order, Defendant and the Court would have been saved from the time and expense expended on the second show cause Order and the show cause hearing. In the first show cause Order, issued on October 15, 2019, the Court

10

directed Plaintiff's counsel to update the Court on whether counsel had any contact with her client and what efforts counsel had made to reach her client. (Doc. 28, p. 1.) As explained in that Order, the Court was reluctant to dismiss Plaintiff's case and thereby prejudice Plaintiff for the errors of her attorney without information as to whether Plaintiff herself was aware of the deficient status of her lawsuit. (Id. at pp. 4–5.) If counsel had not ignored that Order and had instead supplied the requested information regarding her client's inattention to this case that she has now provided to the Court, the Court could have disposed of this case months ago without the time and expense of the second show Order, the show cause hearing, and the post-hearing briefing.

Additionally, the Court has provided Plaintiff's counsel with more than ample due process. The Court provided notice to counsel that her conduct may lead to sanctions through the two show cause Orders. Even when counsel ignored the first of those Orders, the Court attempted to contact her via telephone and e-mail and ultimately issued the additional show cause Order before taking any action. That second show cause Order notified Plaintiff's counsel, well in advance of the show cause hearing, that the hearing would address "why the Court should not sanction Plaintiff's counsel for failing to abide by this Court's orders and directives." (Doc. 29, p. 2.) The Court then provided counsel opportunity to respond to the Court's concerns both orally at the hearing and in writing through her post-hearing brief.

Further, the fees that Defendant has requested are reasonable and have a financial nexus to the excess proceedings caused by Plaintiff's counsel's sanctionable conduct. Defendant's counsel documented these fees in her affidavit attached to Defendant's Response to Plaintiff's post-hearing submission. (Doc. 37-1.) Defendant filed that affidavit more than a month ago, and Plaintiff's counsel has not objected to the reasonableness of the fees or otherwise contested the affidavit. Further, the Court has reviewed Defendant's counsel's affidavit and finds the number of hours

11

expended and the hourly rate to be reasonable.  Bivins v. Wrap It Up, Inc., 548 F.3d 1348, 1350 (11th Cir. 2008) ("The starting point for determining the amount of a 'reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'") (quoting Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)).  Defendant's counsel's hourly rate of $387.00 is reasonable given the nature of this lawsuit.  See  J. Wayne Raiford v. Nat'l Hills Exch., LLC, No. CV 111-152, 2015 WL 195983, at *1 (S.D. Ga. Jan. 14, 2015) ("Because the Court is itself considered an expert on hourly rates in the community, it may consult its own experience in forming an independent judgment.")  (citing Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994)).  Moreover, the hours claimed by defense counsel—5.1 hours for preparing for and attending the show cause hearing and 9.3 hours for reviewing Plaintiff's post-hearing brief and preparing a response thereto, (doc. 37-1, p. 2)—also appear reasonable given the issues involved.  See J. Wayne Raiford, No. CV 111-152, 2015 WL 195983, at *2 ("When exercising proper 'billing judgment,' attorneys must exclude excessive, redundant, or otherwise unnecessary hours from fee applications.") (citing ACLU of Ga. v. Barnes, 168 F.3d 423, 428 (11th Cir. 1999)).  Indeed, Defendant has not sought any reimbursement for fees attributable to the work of co-counsel. (Doc. 37-1, p. 2.)  Additionally, Defendant incurred these fees solely because of Plaintiff's counsel's failure to fulfill her obligations and to abide by this Court's orders and directives.

In sum, given the prejudice caused by Plaintiff's counsel's objectively reckless dereliction of duties, the Court finds Defendant's request for a reasonable award of attorney's fees to be an appropriate sanction.  See J. Wayne Raiford, No. CV 111-152, 2015 WL 195983 (awarding fees and costs for preparation for and attendance at a show cause hearing).

**CONCLUSION**

For the reasons stated above, the Court **GRANTS** Defendant's Motion to Dismiss, (doc. 21), **DISMISSES** this action **WITHOUT PREJUDICE**, and **DIRECTS** the Clerk of Court to **LIFT** the administrative stay that was previously placed on the case, (see doc. 29), and to enter the appropriate judgment of dismissal and to **CLOSE** this case.  Additionally, the Court sanctions Plaintiff's counsel and hereby **ORDERS** Debra J. Humphrey of the law firm Marc J. Bern & Partners to pay Defendant C.R. Bard, Inc. **$5,572.80** within **twenty-one (21) days** of the date of this Order.

**SO ORDERED**, this 8th day of June, 2020.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA